UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY HANNON,

    Plaintiff,

v.                                              Case No. 2:13-CV-247
                                              HON. R. ALLAN EDGAR

JEFFREY WOODS, et al.,

    Defendants.
_____/

## OPINION & ORDER

Plaintiff Anthony Hannon, an inmate currently confined by the Michigan Department of Corrections (MDOC), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his First Amendment rights. PageID.1-12. After screening, Plaintiff's remaining claims are against Defendant Correction Officer (CO) Charles Knipe and CO Christine Sellick. *See* ECF No. 45.

Plaintiff filed a complaint on August 8, 2013, alleging that Defendants Knipe and Sellick violated his First Amendment rights by retaliating against him. ECF No. 1. Defendants Knipe and Sellick filed a motion for summary judgment, which also included claims of qualified immunity, on April 7, 2015. ECF No. 61. On April 22, 2015, Plaintiff filed a response to Defendants' motion for summary judgment. ECF No. 66. Defendants' did not file a reply. The matter is now ready for a decision.

The following are the events in question viewed in the light most favorable to Plaintiff. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Adams v. Metiva*, 31

F.3d 375, 382 (6th Cir. 1994) (noting any direct evidence offered by Plaintiff in response to a summary judgment motion are accepted as true)). Plaintiff and Defendant Knipe engaged in a verbal altercation on October 5, 2011, in the prison day room.  PageID.5.  Shortly after the verbal dispute, Defendant Knipe entered Plaintiff's cell, took his property, and allegedly threw it in the trash.  *Id.*  As a result of this event, Plaintiff wrote a grievance against Defendant Knipe.  *Id.*  Plaintiff stated that after he filed this grievance, Defendant Knipe retaliated against him by writing several misconduct tickets against Plaintiff on the following dates: January 16, 2012; January 27, 2012; February 24, 2012; March 4, 2012; and March 13, 2012. PageID.6-7.

Plaintiff's second claim of retaliation stemmed from events occurring on December 18, 2011, between Defendant Sellick and Plaintiff.  That day, Plaintiff asked Defendant Sellick for some toilet paper since he did not have access to it as a prisoner.  PageID.7.  Plaintiff stated that Defendant Sellick refused to provide him with any toilet paper because Plaintiff wrote a grievance against her co-worker (Defendant Knipe). *Id.*

Based on these occurrences, Plaintiff asserts that Defendants Knipe and Sellick retaliated against him in violation of his First Amendment Rights.[1]  Plaintiff seeks legal redress before this Court for these alleged violations of his constitutional rights.

I.

Presently before the Court is Defendants' motion for summary judgment, pursuant to Fed. R. Civ. P. 56.  Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of

---

[1] In his deposition, Plaintiff clarified that his claims were limited to First Amendment retaliation claims against Defendants Knipe and Sellick.  PageID.413.

law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad*, 379 F.3d at 416 (*citing Adams*, 31 F.3d at 382). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Notably, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court could not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

II.

After screening, Plaintiff has two claims remaining: (1) that Defendant Knipe violated his First Amendment rights by retaliating against him for filing a grievance; and (2) that

Defendant Sellick violated his First Amendment rights when she retaliated against Plaintiff by refusing to provide him with toilet paper. PageID.5-7, 413.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

### A. Defendant Knipe

Plaintiff claims that Defendant Knipe retaliated against him by issuing Plaintiff several misconduct tickets after Plaintiff had filed a grievance against Defendant Knipe (for allegedly taking Plaintiff's property). PageID.5-7. Defendant Knipe concedes the first prong of Plaintiff's retaliation claim—that Plaintiff was engaged in protected conduct when he wrote a grievance against Defendant Knipe. PageID.403; *see See Smith*, 250 F.3d at 1037 (noting filing grievances is a constitutionally protected right for First Amendment retaliation claims); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, 234 F.3d 1267, *2 (6th Cir. 2000). However, Defendant Knipe claims that Plaintiff has not satisfied the second or third prongs of his retaliation claim (pertaining to an adverse action and causation). PageID.403-404.

The adverseness inquiry is an objective one, and it does not depend on how a particular plaintiff reacted. The relevant question is whether the defendant's conduct is "*capable of deterring a person of ordinary firmness*"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original). While filing a misconduct ticket against a prisoner in retaliation for the prisoner's protected conduct ( i.e., filing a grievance) could arguably deter someone from filing a grievance again in the future, the Sixth Circuit has held that when the prisoner is found guilty of that misconduct ticket after a formal hearing, the prisoner cannot state a claim for retaliation arising from the misconduct charge. *See Burton*, 234 F.3d at *2 (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) ("A finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'")); *see also Annabel v. Frost*, No. 14–10244, 2015 WL 1322306, at *5 (E.D. Mich. Feb.17, 2015) report and recommendation adopted, No. 14–10244, 2015 WL 1510680 (E.D. Mich. Mar. 30, 2015) (noting that the checkmate doctrine has been involved in sixteen unpublished Sixth Circuit opinions); *Wilson v. Phipps*, No. 97-1661, 1998 WL 384560, at *1 (6th Cir. June 18, 1998) ("[Plaintiff] cannot state a claim of retaliation where, as here, he was ultimately found guilty of the major misconduct charge giving rise to his retaliation claim.") (citing *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam)); *see also Peterson v. Johnson*, 714 F.3d 905, 917 (6th Cir. 2013).

Here, Plaintiff does not contest the fact that he was found guilty of all the misconduct tickets that Defendant Knipe filed against him during the time in question (January through March of 2012). PageID.413; *see Laster v. Pramstaller*, No. 5:08-CV-10898, 2011 WL 4506956, at *13 (E.D. Mich. Sept. 7, 2011) ("[P]laintiff cannot succeed on these retaliation

claims because he was found guilty on all of the misconduct tickets following hearings."). In addition, the misconduct hearing reports provide evidence to support his findings of guilty for these misconduct tickets; for example, Plaintiff admitted to having condiments and the wrong shoes in his cell—items which are considered to be contraband in the prison (PageID.418); Plaintiff was found guilty of insolence (for yelling and swearing at Defendant Knipe) because the incident was witnessed by another staff member (PageID.421-422); and Plaintiff was found with salt packets in his cell (items only available in the food service room), making him guilty of stolen property (PageID.117). Since the misconduct hearing reports show that there was some evidence supporting the misconduct tickets, Plaintiff's retaliation claim against Defendant Knipe fails as a matter of law. PageID.417-422, 449-456; *see Laser*, 2011 WL 4506956, at *13. As a result, he has not shown that Defendant Knipe engaged in an "adverse action" against Plaintiff due to Plaintiff's filing of a grievance against Defendant Knipe. *See Burton*, 234 F.3d at *2. Therefore, his First Amendment claim against Defendant Knipe fails.

### B. Defendant Sellick

Plaintiff's second claim is that Defendant Sellick retaliated against Plaintiff by refusing to provide him with toilet paper on December 18, 2011. PageID.7. Plaintiff claims that because he filed a grievance against Defendant Knipe in October of 2011, and since Defendants Knipe and Sellick were friends, Defendant Sellick refused to provide him with toilet paper for two days. PageID.7, 414. Specifically, Plaintiff claims that Defendant Sellick said to him. "Since you wrote a Grievance on my co-worker Knipe, I don't care if you shit on yourself." PageID.7. Defendant Sellick does not contest the fact that Plaintiff filed a grievance against Defendant Knipe, and that filing a grievance is a protected conduct for purposes of the first prong of a First

Amendment retaliation claim. PageID.403. Rather, Defendant Sellick argues that Plaintiff has failed to satisfy the second and third prongs of his retaliation claim.

Plaintiff has sufficiently alleged the second prong of his retaliation claim against Defendant Sellick. To satisfy the second element, a plaintiff must show that an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct. *Thaddeus-X*, 175 F.3d at 394; *see also Bell*, 308 F.3d at 606 (noting the relevant question is whether the defendant's conduct is "*capable* of deterring a person of ordinary firmness."). Here, Plaintiff alleged that he was deprived of toilet paper for two days in retaliation for filing a grievance, meaning he could not defecate for those two days. PageID. 7, 414. It is possible that depriving someone of toilet paper for two days would deter a person of ordinary firmness from filing a grievance again in the future. *See, e.g., Curry v. Morring*, No. C 09-3751 MHP (pr), 2010 WL 3490238, at **1-2 (N.D. Cal. Sept. 2, 2010) (noting that it was an adverse action to refuse an inmate use of a toilet with toilet paper in retaliation for the inmate's grievance activities). Therefore, Plaintiff has satisfied the second prong of his retaliation claim against Defendant Sellick.

In addition, Plaintiff has demonstrated the third element of his retaliation claim (causation) against Defendant Sellick. To show causation, a plaintiff must demonstrate that the adverse action (deprivation of toilet paper) was motivated, at least in part, by the protected conduct (filing a grievance). *See Thaddeus-X*, 175 F.3d at 394. By showing that Defendant Sellick told Plaintiff that he could defecate on himself because he filed a grievance against her co-worker Defendant Knipe (PageID.7), Plaintiff has shown that Defendant Sellick's adverse action was a direct result of Plaintiff's protected conduct. *See, e.g., Rodgers v. Hawley*, 14 Fed.

App'x 403, 410 (6th Cir. 2001) (satisfying causation when an "[inmate] further [said] that the staff member who denied his prison store order specifically stated the denial stemmed from his grievances."). As a result, Plaintiff has sufficiently alleged a claim for retaliation against Defendant Sellick.

Furthermore, Defendant Sellick is not entitled to qualified immunity on this claim. To evaluate an assertion of qualified immunity, the Sixth Circuit uses a three-step process:

> First, we determine whether a constitutional violation has occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonably in light of the clearly established constitutional rights.

*Rodgers*, 14 Fed. App'x at 410-411 (quoting *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)). Plaintiff has shown that a constitutional violation has occurred (retaliation under the First Amendment), and that the right that was violated was clearly established at the time Defendant Sellick acted. As a result, Defendant Sellick is not entitled to qualified immunity on this claim.

III.

Overall, one of Plaintiff's two First Amendment retaliation claims passes summary judgment, while the other fails. Fed. R. Civ. P. 56; *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (stating that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and will only be dismissed if the claim undoubtedly contains no facts to support its request for relief). Accordingly, Defendants' Motion for Summary Judgment is appropriate in part.

Moreover, Plaintiff seeks punitive damages as well as declaratory relief. Under 42

U.S.C. § 1997e(e), "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Because Plaintiff has alleged only mental anguish without any allegations of physical harm, his request for compensatory damages is denied. PageID.415 (noting Plaintiff responded that he did not have negative health effects or problems by not using the bathroom to defecate for two days).  As a result, Plaintiff's remaining First Amendment claim against Defendant Sellick is limited to nominal or punitive damages. *LaFountain v. Martin*, No. 1:07-CV-76, 2010 WL 2640417, at *3 (W.D. Mich. June 30, 2010) ("Fairly read, § 1997e(e) is a limitation on remedies, not a limitation on the substantive claims that can be brought . . . . Plaintiff may seek damages (e.g. punitive) other than those for mental or emotional injuries.")

In light of the foregoing, this Court concludes that Defendants' Motion for Summary Judgment (ECF No.61) is **GRANTED IN PART and DENIED IN PART.** Plaintiff's First Amendment claim against Defendant Knipe will be **DISMISSED WITH PREJUDICE**, while Plaintiff's First Amendment retaliation claim against Defendant Sellick remains outstanding.  An Order and Judgment consistent with this Opinion will be entered.

        **SO ORDERED**.


Dated:  3/8/2016

     /s/ *R. Allan Edgar*   
    R. ALLAN EDGAR  
    UNITED STATES DISTRICT JUDGE