UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY HANNON #313200,

    Plaintiff,

v.                                                        Case No. 2:13-cv-247
                                                         HON. ROBERT HOLMES BELL

CHRISTINE SELLICK,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Anthony Hannon, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Christine Sellick alleging a First Amendment retaliation claim. This matter was set for trial on June 21, 2016. However, after a telephone conference on June 16, 2016, the undersigned adjourned the trial and ordered the parties to brief two issues: (1) whether Plaintiff attempted to suborn perjury and the appropriate remedy if such occurred; and (2) whether Plaintiff could seek punitive damages at trial. (ECF No. 111.) In the opinion of the undersigned, Plaintiff attempted to suborn perjury. As the remedy for his bad-faith conduct, Plaintiff shall be barred from calling any witnesses at trial other than himself. Moreover, Plaintiff has the right to seek punitive damages on his First Amendment retaliation claim.

Plaintiff's only claim that survived summary judgment is that Defendant Sellick retaliated against Plaintiff by refusing to provide him with toilet paper on December 18, 2011. Plaintiff alleges that because he filed a grievance against a fellow correctional officer in October of 2011, and Defendant Sellick and this correctional officer were friends, Defendant Sellick refused to provide him with toilet paper for two days.

During the final pretrial conference, Plaintiff named three witnesses he was planning to call to testify at trial—Darnell Powell, Michael Reed, and Eddie Brown.[1] PageID.587. Although the three witnesses were incarcerated at Chippewa Correctional Facility during the events leading to Plaintiff's claim, all three witnesses have since been transferred to different correctional facilities. Powell is incarcerated at Lakeland Correctional Facility. Reed is incarcerated at Gus Harrison Correctional Facility. Brown is incarcerated at Robert Cotton Correctional Facility. Plaintiff is still incarcerated at Chippewa Correctional Facility.

On May 24, 2016, a prison official at Chippewa Correctional Facility intercepted two letters that Plaintiff was attempting to send through the prison mail system. PageID.677. The return address on the first letter was to Michael Reed. PageID.679. The envelope was addressed to Chippewa Correctional Facility even though Reed is incarcerated at a different facility. The return address on the second letter was to Darnell Powell. PageID.682. Similar to the first letter, the envelope was addressed to Chippewa Correctional Facility even though Powell is incarcerated at a different facility. According to Defendant, addressing letters in this manner is a common scheme to circumvent the ban on prisoner-to-prisoner mail. PageID.655-656.

On the front page of the first letter to Reed, Plaintiff wrote: "My word is my truth when I told yall I got yall if I win. I'm suing for 3 million but I might only get a few hundred thousand which is still good for spending $350. Even a dope boy can't top that. Read the back careful." PageID.680. On the back page, Plaintiff wrote: "your testimony" and "My questions to you and how I need you to answer." PageID.681. Plaintiff proceeds to list seven questions and states exactly how Reed should answer them at trial. PageID.681. Specifically, question seven asks whether Reed remembers what was said during the altercation between Plaintiff and

---

[1] Plaintiff also named himself as a potential witness.

Defendant.  PageID.681.  Plaintiff wrote that Reed's answer should be: "[Defendant] said 'So you still pushing this tissue shit? We don't like grievances around here. I think I saw you are violating some rules.'"  PageID.681.  At the bottom of the page, Plaintiff wrote "Remember this."  PageID.681.

The second letter to Powell is very similar to the first letter to Reed. On the front page of the letter, Plaintiff wrote: "I'm sending you a copy of your statement so you can study it." PageID.683.  Plaintiff also mentions that he is sending a similar letter to Brown, but if Powell should see him beforehand, he should "tell him whats up."  PageID.683.  Plaintiff also wrote: "My word is my truth when I told yall if I win I had you."  PageID.683.  On the back page of the letter, Plaintiff wrote "your testimony" followed by "you over heard [Defendant] tell [Plaintiff] (as you was walking pass on base) 'you wrote a grievance on my co-worker, you can shit on yourself.'" PageID.684.  Plaintiff also lists eleven questions and states how Powell should answer them at trial.  PageID.684.  At the bottom of the back page, Plaintiff wrote "Remember this."  PageID.684.

It is well-established that federal courts have inherent powers to sanction a party's bad-faith conduct during litigation.  *See Jones v. Illinois Cent. R. Co.*, 617 F.3d 843, 854 (6th Cir. 2010) (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 49 (1991); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766–67 (1980)).  Courts must exercise its inherent powers with restraint and discretion. *Chambers*, 501 U.S. at 44.  "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45. Courts may assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Id.* at 45-46 (citation omitted).  Moreover, although it is particularly harsh, courts have discretion to dismiss a lawsuit as a sanction.  *Id.* at 45.

In this case, Plaintiff argues that the letters were not an attempt to suborn perjury; therefore, Plaintiff was not acting in bad faith. Instead, Plaintiff alleges that he was trying to inform his witnesses of the trial date and help prepare them. However, these letters are much more than an attempt to "prepare" a witness. Both letters contain exact statements that each witness is supposed to read, memorize, and regurgitate on the witness stand. Moreover, Plaintiff's statement that "My word is my truth when I told yall I got yall if I win" implies that each witness will receive some kind benefit if Plaintiff is successful at trial. In the opinion of the undersigned, Plaintiff's conduct was not an attempt to "prepare" the witnesses, but instead an attempt, made in bad faith, to secure testimony that would be most advantageous for him at trial. Therefore, Plaintiff's conduct is sanctionable under a court's inherent power to sanction bad-faith conduct in litigation.

After determining that Plaintiff acted in bad faith, the question is what the appropriate sanction should be. In the opinion of the undersigned, the appropriate sanction is to bar Plaintiff from calling any witnesses at trial other than himself. Plaintiff's conduct has shown that he is willing to tell any potential witness exactly what to say at trial. Defendant states that this fact "demonstrates his willingness to perjure himself;" therefore, Plaintiff should also be barred from testifying. The undersigned disagrees. Plaintiff was telling his witnesses what to say at trial, but that does not mean that Plaintiff is not telling the truth about what allegedly occurred. That is a question that the jury should decide.

Defendant also argues that Plaintiff's claim should be dismissed entirely because of Plaintiff's bad-faith conduct. Defendant states that the Sixth Circuit has identified four factors to consider when determining whether to dismiss a lawsuit as a sanction: (1) whether the party's conduct was due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate

could lead to dismissal; (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  However, these four factors have not been used in a case where a party attempts to suborn perjury.  *See, e.g.*, *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (considering whether to dismiss a lawsuit for failure to prosecute); *Fharmacy Records v. Nassar*, 379 F. App'x. 522, 523 (6th Cir. 2010) (considering whether to dismiss a lawsuit because discovery abuses).

Nonetheless, after considering these factors, Plaintiff's case should not be dismissed as a result of his actions. First, as discussed above, Plaintiff's conduct was due to bad faith. Second, Defendant was prejudiced by Plaintiff's conduct. Although Plaintiff argues that Defendant was not prejudiced because the witnesses never actually received the letters, Plaintiff referenced in one letter that he was planning to write to the third witness, but the letter was never found.  Due to Plaintiff's attempt to deceive the mail system, it is likely that this letter was not intercepted by prison officials.  Third, Defendant was not warned that attempting to contact his witnesses would lead to dismissal.  Fourth, as discussed above, a less drastic sanction is more appropriate in this case.  Therefore, in the opinion of the undersigned, Plaintiff being barred from calling any witnesses at trial other than himself is the appropriate sanction for his conduct.

In addition, in the opinion of the undersigned, Plaintiff is entitled to seek punitive damages at trial.  "Punitive damages are appropriate in a § 1983 action 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'"  *King v. Zamiara*, 788 F.3d 207, 216 (6th Cir. 2015) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).  "The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior."  *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 n.9 (1986).  Defendant argues

that punitive damages are not available because Plaintiff did not suffer a physical injury and a short term deprivation of toilet paper does not amount to an Eighth Amendment violation. However, Plaintiff is not alleging an Eighth Amendment violation. Plaintiff is alleging a First Amendment violation. "When a defendant retaliates against a plaintiff's exercise of his First Amendment rights, the defendant necessarily acts with the purpose of infringing upon the plaintiff's federally protected rights." *King*, 788 F.3d at 216. "Thus, a defendant who has been found liable for First Amendment retaliation has engaged in conduct that warrants consideration of an award of punitive damages." *Id.* at 216-17.

In summary, in the opinion of the undersigned, Plaintiff writing letters to his witnesses was an attempt to suborn perjury. Because Plaintiff acted in bad faith, he is barred from calling any witnesses at trial other than himself. Moreover, Plaintiff is entitled to seek punitive damages at trial.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:      September 19, 2016                         */s/ Timothy P. Greeley*
                                                       TIMOTHY P. GREELEY
                                                       UNITED STATES MAGISTRATE JUDGE